UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNELL DENHAM,<br><br>              Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case No. C12-814RSL<br><br>CLARIFICATION ORDER |

This matter comes before the Court on Petitioner's notice to the Court (Dkt. # 13) of his intent to rely on his amended § 2255 petition (Dkt. # 6-2) rather than filing a second amended petition as suggested by the Court. The Court wishes to make clear to Mr. Denham that his amended petition presents only a single claim of prosecutorial misconduct. See Dkt. # 6-2. It makes no mention of his previously raised ineffective assistance of counsel claim. Compare id., with Dkt. # 1. Thus, if Mr. Denham chooses to rely solely on his amended petition, the Court will treat that choice as a waiver of his other claims. United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir. 1996) ("Beierle raises several additional claims on appeal that were not raised in his original motion in district court, including ineffective assistance of counsel . . . . These claims are waived because they were not raised below.").

In short, it is certainly Mr. Denham's prerogative to choose which claims he wishes to raise and those he does not. The Court simply wishes to make sure that his apparent waiver is both knowing and voluntary. If Mr. Denham wishes to file a second

CLARIFICATION ORDER - 1

1  amended petition, he has until October 15, 2012, to do so.[1]  If he truly wishes to waive
2  all claims not contained in previously filed amended petition (Dkt. # 6-2), he need only
3  file another notice of that intent, and the Court will set an appropriate briefing schedule.

   DATED this 29th day of August, 2012.

   Robert S. Lasnik
   United States District Judge

---

[1] As the Court has previously informed Mr. Denham, Dkt. # 12 at 1 n.2, each and every claim he wishes to raise must be contained in the single petition he asks the Court to consider.

CLARIFICATION ORDER - 2